**Affirmed in part; Affirmed as Modified and Opinion Filed June 15, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-17-00706-CR
No. 05-17-00707-CR
No. 05-17-00708-CR
No. 05-17-00712-CR
No. 05-17-00713-CR
No. 05-17-00714-CR
No. 05-17-00715-CR

**DOUGLAS LEE LEGUIN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 380-82880-2014, 380-82881-2014, 380-82882-2014**
**380-82883-2014, 380-82884-2014, 380-82885-2014, 380-82886-2014**

## MEMORANDUM OPINION

Before Justices Francis, Fillmore, and Whitehill
Opinion by Justice Whitehill

The State charged appellant Douglas Lee Leguin with aggravated assault in seven separate indictments, each alleging a different complainant. The cases were tried together, and the jury found appellant guilty and assessed punishment at twenty years' imprisonment in each case. The trial court ordered the sentences to run concurrently. The trial court also assessed court costs against appellant separately in each judgment.

In two issues, appellant argues that (i) the jury charges' culpable mental state definitions were erroneous and (ii) the trial court erred by assessing court costs in more than one case. We overrule appellant's first issue, sustain his second issue, modify the judgments in six cases to delete the court costs assessment, and otherwise affirm the judgments.

## I. BACKGROUND

### A. Facts

The trial evidence showed the following facts:

The events in question took place on August 11, 2014. At that time, appellant had been unemployed for four or five months, and he considered his life "pretty bleak." He was also upset about various public issues including police misconduct and the government's fiscal policy. In the days leading up to August 11, he loaded his pick-up truck with some guns and ammunition. On August 11, he left his house at 3:00 a.m. He testified that he wanted to see the sunrise because it might be the last one he ever saw.

Appellant drove to a gated community that he described as "one of the most affluent communities in Dallas." He parked near a house in the community. He testified that he called 911, but the operators kept hanging up on him. He started a fire that he described as a "campfire."

At about 3:00 that afternoon, a fire engine was dispatched to appellant's location because of a "grass fire." Four firefighters were riding in the fire engine. As they approached appellant's location, firefighter Steven Barber heard some popping sounds. When the fire engine stopped, Barber got out and saw appellant point a rifle towards the firefighters and then fire some rounds at a "propane bottle." Barber yelled something at appellant, and "another round . . . went off." At that point, Barber got back into the fire engine, and the firefighters drove the fire engine some distance away. Barber called fire dispatch and reported an active shooter.

Two police cars then arrived on the scene. Officers Patrick Roth and Walter Payne were in one car, and officer David Ruiz was in the other. Ruiz pulled into a half-circle driveway, and Roth and Payne pulled in behind him. Roth saw appellant aim a rifle at Ruiz's car and fire two or three shots. As Payne backed his car up and then pulled forward to drive away, appellant pointed the rifle at Payne's car, and appellant was still firing as Payne's car passed him. Both cars then drove away. Payne testified that he later exited the car and positioned himself behind a mailbox to try to observe appellant. At one point he stood up behind the mailbox, and appellant fired four shots at his head. None of the firefighters or police officers were hit by any of appellant's shots.

A trained hostage negotiator later arrived at the scene and made telephone contact with appellant. Appellant eventually surrendered and was arrested.

Two bullet holes were later found in Ruiz's car's passenger side doors. Bullet holes were also found in the fire engine.

## B.     Procedural History

Appellant was charged by seven indictments with committing aggravated assault against a public servant—one indictment for each firefighter and police officer. *See* TEX. PENAL CODE § 22.02(b)(2)(B). He pled not guilty to all seven indictments, and the seven cases were tried together. The jury found appellant guilty of all seven charges. The jury further assessed punishment in each case at twenty years' imprisonment.

The judgments ordered the sentences to run concurrently. One judgment ordered appellant to pay $420.56 in court costs. The other six judgments each ordered appellant to pay $264 in court costs.

## II.  ANALYSIS

Appellant raises two issues. The first issue argues jury charge error. The second issue argues that the trial court should not have assessed court costs in more than one case.

**A. Issue One: Was there jury charge error that caused appellant egregious harm?**

In his first issue, appellant argues that (i) aggravated assault by threat is a nature-of-conduct offense but (ii) the jury charges erroneously defined the culpable mental states as though the offense is a result-of-conduct offense. We overrule the issue, concluding that the jury charge was erroneous but the error did not cause appellant egregious harm.

**1. Standard of Review**

We use a two-step process to review a jury charge error claim. First, we determine if the charge was erroneous. If error exists, we then determine whether the error caused sufficient harm to require reversal. *Knight v. State*, No. 05-16-00249-CR, 2017 WL 1808366, at *2 (Tex. App.—Dallas May 5, 2017, no pet.) (mem. op., not designated for publication).

If, as in this case, the defendant did not object to the error, he must show egregious harm to obtain reversal. An error causes egregious harm if it affects the very basis of the case, deprives the defendant of a valuable right, vitally affects a defensive theory, or makes the case for conviction clearly and significantly more persuasive. In determining whether harm was egregious, we consider the entire jury charge, the state of the evidence, the closing arguments, and any other relevant information revealed by the record as a whole. *Finch v. State*, No. 05-15-00793-CR, 2016 WL 2586142, at *4 (Tex. App.—Dallas May 4, 2016, pet. ref'd) (mem. op., not designated for publication).

**2. Applicable Law and the Alleged Error**

As relevant to this case, a person commits assault if the person "intentionally or knowingly threatens another with imminent bodily injury." TEX. PENAL CODE § 22.01(a)(2). (The aggravating factors that elevated these cases to aggravated assault are not at issue.)

A person acts intentionally as to the nature of his conduct when it is his conscious objective or desire to engage in the conduct. *Id.* § 6.03(a). A person acts intentionally as to a result of his conduct when it is his conscious objective or desire to cause the result. *Id.*

Similarly, a person acts knowingly as to the nature of his conduct when he is aware of the nature of his conduct. *Id.* § 6.03(b). A person acts knowingly as to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result. *Id.*

Assault by threat is a nature-of-conduct offense. *Dolkart v. State*, 197 S.W.3d 887, 893 (Tex. App.—Dallas 2006, pet. ref'd); *see also Landrian v. State*, 268 S.W.3d 532, 540 (Tex. Crim. App. 2008) (dicta that assault by threat "is a conduct-oriented offense").

The jury charges in this case contained the following definitions:

*Intentionally Threaten Another with Imminent Bodily Injury*

A person intentionally threatens another with imminent bodily injury if it is the person's conscious objective or desire to cause the other person to fear imminent bodily injury.

*Knowingly Threaten Another with Imminent Bodily Injury*

A person knowingly threatens another with imminent bodily injury if the person is aware that the person's conduct is reasonably certain to cause the other person to fear imminent bodily injury.

Appellant argues that these are result-of-conduct jury instructions. Although the State disagrees, we agree with appellant. Both definitions connect the mental state to the result of the person's conduct—whether the person intended his conduct to result in another person's fearing imminent bodily injury or knew that his conduct was reasonably certain to cause that result. This is incorrect under our precedent holding that assault by threat is a nature-of-conduct offense. *See Dolkart*, 197 S.W.3d at 893.

We recognize that our conclusion puts us at odds with the pattern jury instructions, which recommend the above-quoted jury instructions in assault by threat cases. *See* State Bar of Tex., *Texas Criminal Pattern Jury Charges: Crimes against Persons & Property* CPJC 85.2 (2016).

Nevertheless, *Dolkart* is binding on us, so we conclude that the above-quoted jury definitions were erroneous. We thus proceed to consider whether the error caused egregious harm.

**3.     There was no egregious harm.**

Appellant did not object to the jury charges, so we apply the egregious harm test. We conclude that the jury charge error did not cause appellant egregious harm.

The most important factor in our analysis is the fact that the jury charges' application paragraphs correctly stated the culpability requirement. "Where the application paragraph correctly instructs the jury, an error in the abstract instruction is not egregious." *Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999).

The seven jury charges were substantively identical. We quote the one involving police officer Ruiz as illustrative:

> To find the defendant guilty of aggravated assault by threat against a public servant, you must determine whether the state has proved, beyond a reasonable doubt, six elements. The elements are that:
>
> 1) the defendant, in Collin County, Texas, on or about August 11, 2014, threatened David Ruiz with imminent bodily injury; and
>
> 2) ***the defendant did this intentionally or knowingly***; and
>
> 3) the defendant used or exhibited a firearm, a deadly weapon, during the alleged assault; and
>
> 4) David Ruiz was a public servant, namely, a Dallas police officer; and
>
> 5) David Ruiz was acting in the lawful discharge of an official duty by responding to a 911 call; and
>
> 6) the defendant knew David Ruiz was a public servant.

(Emphasis added). Thus, the application paragraphs correctly connected the culpable mental states to appellant's conduct—the threatening itself—and not to the conduct's results. Under *Medina*, this means that the errors in the charges' abstract portions were not egregiously harmful.

Our conclusion is supported by our opinion in *Eubanks v. State*, No. 05-04-00280-CR, 2005 WL 19032 (Tex. App.—Dallas Jan. 5, 2004, no pet.) (not designated for publication). In that assault by threat case, the jury charge's abstract paragraphs erroneously included the definitions pertinent to all three kinds of offenses: nature-of-conduct offenses, result-of-conduct offenses, and surrounding-circumstances offenses. But the application paragraph, which was substantively similar to the ones given in the instant cases, correctly limited the culpable mental states to the nature of the conduct itself without referring to any other conduct element. Accordingly, we held that the error in the abstract paragraphs did not cause egregious harm. *Id*. at *5–6 (citing *Medina*, 7 S.W.3d at 640); *see also Carver v. State*, No. 08-12-00298-CR, 2015 WL 364255, at *4–6 (Tex. App.—El Paso Jan. 28, 2015, pet. ref'd) (not designated for publication) (same result on similar facts).

Appellant argues that the charge error was egregiously harmful in light of the trial evidence, but we presume that the jury followed the instructions in the application paragraph absent contrary evidence. *See Rojas-Gallo v. State*, No. 05-17-00145-CR, 2018 WL 2147924, at *4 (Tex. App.—Dallas May 10, 2018, no pet. h.) (mem. op., not designated for publication). We see nothing to indicate that the jury did not follow the charges' application paragraphs.

Appellant also argues that the closing arguments showed that the error was egregiously harmful, quoting the following argument by the State:

> If you know that a person . . . has a reasonable feeling they're being threatened because of your actions and you know that will cause that reaction, you're threatening them.

But this argument focused on the offense's conduct element—whether appellant "threatened" the firefighters and police officers involved in this case—and not on the culpable mental state. It does not show that the charge errors caused appellant harm, much less egregious harm.

Egregious harm is a high and difficult standard that must be borne out by the record. *Id*. at *3. This record does not show egregious harm. Accordingly, we overrule appellant's first issue.

**B.      Issue Two: Did the trial court err by imposing duplicative court costs and fees?**

As previously noted, the judgment in one case (trial court cause number 380-82880-2014) ordered appellant to pay $420.56 in court costs. The other six judgments each ordered appellant to pay $264 in court costs. Appellant argues that this violated the code of criminal procedure, which provides:

> In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant.

TEX. CODE CRIM. PROC. art. 102.073(a); *see also Phillips v. State*, No. 05-16-01409-CR, 2018 WL 271801, at *1 (Tex. App.—Dallas Jan. 3, 2018, pet. ref'd) (mem. op., not designated for publication).

The State concedes error and, like appellant, asks us to modify the six judgments that assess $264 in court costs by deleting that assessment.

We sustain appellants' second issue.

### III.  DISPOSITION

We affirm the judgment in trial court cause number 380-82880-2014. In the other six cases we modify the judgments to delete the award of costs and affirm the judgments as modified.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
170706F.U05

–8–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

DOUGLAS LEE LEGUIN, Appellant

No. 05-17-00706-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial District Court, Collin County, Texas
Trial Court Cause No. 380-82880-2014.
Opinion delivered by Justice Whitehill.
Justices Francis and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 15, 2018.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DOUGLAS LEE LEGUIN, Appellant

No. 05-17-00707-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial District Court, Collin County, Texas
Trial Court Cause No. 380-82881-2014.
Opinion delivered by Justice Whitehill.
Justices Francis and Fillmore participating.

       Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows: The assessed court costs of $264 are **DELETED**.  As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered June 15, 2018.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DOUGLAS LEE LEGUIN, Appellant

No. 05-17-00708-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial District Court, Collin County, Texas
Trial Court Cause No. 380-82882-2014.
Opinion delivered by Justice Whitehill.
Justices Francis and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows: The assessed court costs of $264 are **DELETED**.  As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered June 15, 2018.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

DOUGLAS LEE LEGUIN, Appellant

No. 05-17-00712-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial District Court, Collin County, Texas
Trial Court Cause No. 380-82883-2014.
Opinion delivered by Justice Whitehill.
Justices Francis and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows: The assessed court costs of $264 are **DELETED**.  As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered June 15, 2018.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DOUGLAS LEE LEGUIN, Appellant

No. 05-17-00713-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 380-82884-2014.
Opinion delivered by Justice Whitehill.
Justices Francis and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows: The assessed court costs of $264 are **DELETED**.  As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered June 15, 2018.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DOUGLAS LEE LEGUIN, Appellant

No. 05-17-00714-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial District Court, Collin County, Texas
Trial Court Cause No. 380-82885-2014.
Opinion delivered by Justice Whitehill.
Justices Francis and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows: The assessed court costs of $264 are **DELETED**.  As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered June 15, 2018.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DOUGLAS LEE LEGUIN, Appellant

No. 05-17-00715-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 380-82886-2014.
Opinion delivered by Justice Whitehill.
Justices Francis and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows: The assessed court costs of $264 are **DELETED**. As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered June 15, 2018.